UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KENNETH GAMBLE,                )
                               )
            Plaintiff,         )
      vs.                      )   No. 1:09-cv-306-WTL-DML
                               )
JEFF WRIGHT, et al.,           )
                               )
            Defendants.        )

**Entry and Order Directing Dismissal of Action**

Plaintiff Kenneth Gamble ("Gamble") is confined at the New Castle Correctional Facility ("NCCF"), an Indiana prison. Gamble filed this action pursuant to 42 U.S.C. § 1983 and alleges that his rights were violated during the course of his post-conviction proceeding in the Marion Superior Court Criminal Division, case number 49G01-0309-PC-160829. Specifically, Gamble alleges that NCCF employees denied him the opportunity to listen to an audio recording of his jury trial. As a result, Gamble alleges that his claim for relief based on a theory of prosecutorial misconduct was "destroyed." He seeks money damages.

Because Gamble is a prisoner, the complaint is subject to the screening required by 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993); see also *Woodard v. Jackson*, 2004 WL 771244, at *8 (S.D.Ind. 2004). That is the case here because for Gamble to prevail on his claims would necessarily imply the invalidity of his conviction in the state court associated with his allegations. Because of this, these claims cannot proceed. *Muhammad v. Close*, 540 U.S. 749, 751 (2004)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007) ("*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon.").

     For the reasons explained above, the complaint fails to survive the screening required by § 1915A because Gamble has pleaded himself out of court. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice.

     **IT IS SO ORDERED.**

Date: 12/01/2009

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana